**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DEAN BRYAN DAVIDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 4:20-cv-01478-DDN |
| | ) |
| MARK STRINGER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Dean Bryan Davidson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, this action will be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently committed to the Southeast Missouri Mental Health Center (SMMHC) in Farmington, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. His complaint names Missouri Department of Mental Health Director Mark Stringer; Chief Operating Officer of the SMMHC Denise Hacker; Denise Boyd; Sonya Gammon; Stephanie Hintz; Dewane Robertson; Jaime Walley; Janet Latty; and the Fulton State Hospital

2

(FSH). (Docket No. 1 at 1-2). Defendants are sued in their official capacities only. (Docket No. 1 at 1).

In his "Statement of Claim," plaintiff states that his "rights were violated when [his] legal mail was tampered with," keeping him from following up with "legal matters for years."[1] (Docket No. 1 at 8). Specifically, plaintiff alleges that "Denise Boyd confessed to opening, reading and then [disposing] of [his] legal mail without allowing [him] to know of its contents."

Plaintiff states his belief that he is entitled to restitution of at least $1,000,000 because he could have gotten a settlement with regard to a medication called desmopressin that almost killed him in 2007. According to plaintiff, in 2007, he suffered a seizure that led to a fall, causing a head injury. (Docket No. 1 at 9). He was taken to the hospital where he was placed into a medically-induced coma. Plaintiff was told his injury had been caused by "too much fluids," but plaintiff attributes it to taking desmopressin. He states that Dr. Sternberg did not report to the trauma center that he was taking desmopressin, which he deems dangerous.

Following a period in which he was not taking desmopressin, plaintiff states that he was again prescribed the medication from 2012-2018. During this time, he was put on fluid restrictions and subjected to blood draws. However, since desmopressin has been discontinued, he states that his sodium is "excellent," and that "what they thought to be true about [his] fluids no longer is [true]." Nevertheless, plaintiff claims that he was placed into a supervised living home because "they thought [he] needed [his] fluids supervised," even though his "illness has been in remission" since it was learned that he is allergic to desmopressin. Since then, plaintiff states that he has had

---

[1] The Court notes that plaintiff has brought similar claims regarding mail tampering in previous cases before the United States District Court for the Eastern District of Missouri. *See, e.g., Davidson v. Southeast Missouri Mental Health Center, et al.*, No. 4:17-cv-2076-RLW (E.D. Mo.) (dismissed without prejudice on August 17, 2017); and *Davidson v. Southeast Missouri Mental Health Center, et al.*, No. 4:17-cv-2078-ACL (E.D. Mo.) (dismissed without prejudice on July 31, 2017).

3

no delusions, and has been non-aggressive both physically and verbally. Plaintiff alleges that because "they tampered with [his] mail [he] couldn't learn what med almost killed [him] before."

Plaintiff also contends that the purported tampering with his mail kept him from corresponding with the United States Patent and Trademark Office. (Docket No. 1 at 8). He states that the Patent Office "thought [he] had abandon[ed] [his] patent applications[,] costing [him] a loss of money," which he had spent applying for patents.

As a result of these incidents, plaintiff is seeking $1,000,000 in punitive damages to compensate for his unsuccessful attempt at "getting a case in court." (Docket No. 1 at 10).

## Discussion

Plaintiff is a self-represented litigant who is under commitment at the SMMHC. He brings this action pursuant to 42 U.S.C. § 1983, alleging that the tampering of his mail denied him access to the courts. For the reasons discussed below, this action must be dismissed without prejudice.

### A. Official Capacity Claims Against Defendants Stringer, Hacker, Boyd, Gammon, Hintz, Robertson, Walley, and Latty

Plaintiff has sued defendants Stringer, Hacker, Boyd, Gammon, Hintz, Robertson, Walley, and Latty in their official capacities only. (Docket No. 1 at 1). In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating

4

that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here defendants are alleged to be employees of either SMMHC or FSH. Both are institutions run by the Missouri Department of Mental Health. As such, plaintiff's official capacity claims against these defendants are actually claims against the State of Missouri itself. Those claims fail because the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983, and because plaintiff's claims are barred by the Eleventh Amendment.

**i.      State of Missouri is Not a 42 U.S.C. § 1983 Person**

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983").

Here, plaintiff has sued employees of the Missouri Department of Mental Health for money damages. Those claims are treated as claims against defendants' employer, which is the State of Missouri. As noted above, a state is not a § 1983 "person" for purposes of such a claim. Because the State of Missouri is not a person, plaintiff is missing an essential element under § 1983. Therefore, these claims must be dismissed.

5

### ii.     Sovereign Immunity

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived her immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable, because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established

6

immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable, because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

Here, plaintiff has sued employees of the State of Missouri in their official capacities. Such claims are treated as being made against the state itself. As noted above, however, the Eleventh Amendment bars suit against a state, and no exceptions to sovereign immunity are present in this case. Furthermore, while a state official may be sued in an official capacity for prospective injunctive relief, the Eleventh Amendment bars suit against a state official for monetary damages. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (explaining that the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages, but that a state official may be sued in an official capacity for prospective injunctive relief); and *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment"). In this case, plaintiff is suing for money damages only, so sovereign immunity applies to plaintiff's official capacity claims. Therefore, plaintiff's official capacity claims against defendants must be dismissed.

## B. Claim Against FSH

Plaintiff's claim against FSH must be dismissed for the same reason as plaintiff's official capacity claims against defendants Stringer, Hacker, Boyd, Gammon, Hintz, Robertson, Walley, and Latty. First, plaintiff's claim against a state hospital is a claim against the state itself. However,

a state is not a "person" for purposes of a 42 U.S.C. § 1983 claim. *See Will*, 491 U.S. at 71 (explaining that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"); *Calzone*, 866 F.3d at 872 (stating that a "State is not a person under § 1983"); and *Kruger*, 820 F.3d at 301 (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Second, such a claim is barred by the Eleventh Amendment. *See Monroe*, 495 F.3d at 594 (explaining that the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages). As explained above, no exceptions to the Eleventh Amendment's sovereign immunity are present in this case. For these reasons, plaintiff's claim against FSH must be dismissed.

### C. Individual Capacity Claims

Plaintiff has clearly indicated on his complaint that he intends to sue defendants in their official capacities only. As discussed above, plaintiff has failed to state an official capacity claim, and the Court must therefore dismiss this action. Nonetheless, even if the Court were to assume that plaintiff had intended to sue defendants in their individual capacities, such claims would still be subject to dismissal.

In his complaint, plaintiff contends that while he was at SMMHC and FSH, defendants tampered with his mail. According to plaintiff, this tampering blocked his access to the Courts, keeping him from a lawsuit regarding the medication desmopressin, and preventing him from corresponding with the United States Patent and Trademark Office.

Liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v.*

*Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In this case, plaintiff alleges that defendant Boyd "confessed to opening, reading and then [disposing] of [his] legal mail without allowing [him] to know of its contents." With regard to Gammon, Hintz, Robertson, Walley, and Latty, he likewise states that they "all opened, read, and then disposed of [his] legal mail without allowing [him] to know of its contents." Plaintiff states that Stringer and Hacker are liable because of their supervisory positions.

At no point in his complaint does plaintiff attempt to connect each of the individually listed defendants with a specific violation of his constitutional rights. That is, he has not shown how each defendant was personally responsible for hindering him in the pursuit of "a nonfrivolous and arguably meritorious underlying legal claim." *See Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). Moreover, he has not shown how each defendant was personally responsible for causing him an actual injury by demonstrating what legal claim they frustrated or impeded. *See White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (explaining that plaintiff must demonstrate that a nonfrivolous legal claim as been frustrated or is being impeded); and *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (explaining that a plaintiff must assert that he suffered an actual injury to pending or contemplated legal claims).

Instead of demonstrating each defendant's personal responsibility, plaintiff has made a generalized, conclusory allegation against all the defendants as a group, broadly asserting that his

9

malpractice claim and patent claims were frustrated by defendants' actions. This is insufficient to establish a causal link to, and direct responsibility for, the alleged deprivation of plaintiff's rights on the part of each defendant. *See Mayorga*, 442 F.3d at 1132.

The Court also notes that plaintiff's "Statement of Claim" fails to provide sufficient factual allegations to raise his right to relief above the speculative level. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (stating that "factual allegations must be enough to raise a right to relief above the speculative level"). Instead, plaintiff has presented only labels and conclusions, and the recitation of the elements of a cause of action, which is not adequate to state a claim. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

In particular, plaintiff generally claims that defendants "all opened, read, and then disposed of [his] legal mail without allowing [him] to know of its contents." However, plaintiff never provides any factual support for the proposition that these purported actions hindered his access to the courts. In other words, he never provides any facts demonstrating that a specific defendant "tampered" with a specific piece of mail relating to a specific claim that plaintiff was trying to pursue. Rather than providing such facts, plaintiff leaves it to the Court to speculate as to the nature of the deductions that he has reached, to wit: that plaintiff would have received a malpractice settlement and a patent if it were not for the tampering of his mail. This is not adequate to state a claim. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) ("A pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief). Therefore, even if plaintiff had sued defendants in their individual capacities, such claims would be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of January, 2021.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

11