# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DEAN BRYAN DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01478-DDN |
| | ) | |
| MARK STRINGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On January 11, 2021, the Court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Docket No. 6). Subsequently, on January 25, 2021, the Court received a letter from plaintiff containing additional documents. (Docket No. 9). In the letter, plaintiff also indicates a desire to add Dr. Sternberg of the Fulton State Hospital as a defendant, and to drop certain other defendants from the action. Further, he repeats allegations against defendant Denise Boyd from the original complaint, and states that he would like to sue defendants in an individual capacity. The Court has construed this letter as a motion to amend and a motion for reconsideration.

To the extent that plaintiff is seeking to amend his original complaint, the motion fails, as plaintiff has not submitted a proposed amended complaint along with his motion. *See Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985). Moreover, the motion must be denied as futile. *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) ("[T]here is no absolute right to amend and a court may deny the motion based upon a finding of…futility"). Specifically, plaintiff has brought this action pursuant to 42 U.S.C. § 1983, and now wishes to add Dr. Sternberg as a defendant. However, plaintiff states that he is attempting to sue Dr. Sternberg for negligence. Negligence is not actionable under 42 U.S.C. § 1983 because it does not rise to the level of a

constitutional violation. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (stating that medical malpractice is not actionable under the Eighth Amendment); and *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (explaining that the Fourteenth Amendment's "Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property").

To the extent that plaintiff is seeking reconsideration, the Court will decline to alter or amend its judgment. Plaintiff's motion fails to point to any manifest errors of law or fact, or any newly discovered evidence. Instead, the motion merely revisits the same arguments set forth in plaintiff's complaint. Plaintiff does indicate a desire to sue defendants in an individual capacity. However, in dismissing plaintiff's complaint pursuant to 28 U.S.C. § 1915, the Court noted that even if plaintiff had sued the named defendants in an individual capacity, he had still failed to state a claim. (Docket No. 5).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend and motion for reconsideration (Docket No. 9) are **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from the denial of plaintiff's motion to amend and motion for reconsideration would not be taken in good faith.

Dated this 27th day of January, 2021.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE